**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,

**v.**

Francisco M. **Cabrera**,
Defendant/Appellant.
Appeal No. 96-031
Civil Action No. 96-0391
October 16, 1997

Argued and submitted October 1, 1997

Counsel for Appellant: Douglas F. Cushnie, Saipan.

Counsel for Appellee: James L. Norcross, Office of the Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Justices:

VILLAGOMEZ, Justice:

¶1 ██ Appellant Francisco M. Cabrera ("Francisco") appeals from a Superior Court order dismissing his Petition for a Writ of Habeas Corpus. We have jurisdiction pursuant to title 1, § 3102 (a) of the Commonwealth Code. We affirm.

¶2 ██ We are asked to determine whether the seizure of Francisco's vehicle pursuant to 6 CMC § 2150(a)(4) constitutes double jeopardy, barring any further punishment of Francisco under Criminal Case No. 92-090. Interpretation of a statute is a question of law which we review de novo. *Commonwealth v. Kaipat*, 2 N.M.I. 322, 327-328 (1991).

¶3 On May 20, 1992, Francisco was arrested for possession and delivery of methamphetamine hydrochloride ("ice") and his vehicle, a 1988 Toyota pick-up truck, was seized. On May 21, 1992, he was charged by Information with one count of delivery of ice, and one count of possession of marijuana. After trial, Francisco was found guilty of delivery of methamphetamine hydrochloride under 6 CMC § 2141(a)(1) and was sentenced to eight years imprisonment. He was acquitted on the other counts.

¶4 After Francisco's truck was seized, the Department of Public Safety kept it for about three years. On March 29, 1993, the government filed an *in rem* complaint for forfeiture of the truck under Civil Action No. 93-0439 pursuant to 6 CMC § 2150(a)(4).[1] Francisco filed his answer on April 13, 1993. No further action was taken until February 6, 1996, when Francisco filed papers attempting to have the *in rem* action dismissed and his truck returned. On March 1, 1996, at the government's urging, the Superior Court dismissed the forfeiture complaint and ordered that the truck be returned to Francisco.

¶5 On April 3, 1996, Francisco petitioned the Superior Court for a writ of habeas corpus, claiming that he had already been punished by the seizure of his vehicle and that further punishment and restraint upon his liberty would be unconstitutional. On April 8, 1996, the court

---

[1] "All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in subsections (1) or (2) of this subsection . . . shall be subject to forfeiture to the Commonwealth and no property right shall exist in them." 6 CMC § 2150(a)(4).

issued an order directing the government to show cause. On May 16, 1996, the court dismissed Francisco's petition. Francisco timely appealed.

¶6 Our forfeiture statute, 6 CMC § 2150, provides for the forfeiture to the Commonwealth of vehicles which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substance. Our "additional penalties" statute pertaining to controlled substances provides that "[A]ny penalty imposed for violation of this chapter shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction authorized by law." 6 CMC § 2146

¶7 ██ The Double Jeopardy Clause of the 5th Amendment to the United States Constitution is replicated in Article 1, § 4(e) of the Commonwealth Constitution. This provision protects against three types of abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656, 89 S.C. 2072 (1969); *U.S. v. Halper*, 490 U.S. 435, 104 L.Ed.2d 487, 109 S.C. 1892 (1989); *Dept. Of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 128 L.Ed.2d 767, 114 S.C. 1937 (1994).

¶8 Francisco asserts that after a civil sanction constituting punishment, he may not be criminally prosecuted based upon the same offense without violating his double jeopardy protection against multiple punishments. He argues that he has already been subjected to punishment because the government took possession of his truck for three years. We find no error.

¶9 ██Francisco's truck, pursuant to 6 CMC § 2150, was seized because he used it to deliver methamphetamine hydrochloride. Francisco was convicted for the delivery of a controlled substance. On March 1, 1996, at the urging of the government, the Superior Court, in light of a recent 9th Circuit decision, dismissed the forfeiture complaint and ordered the truck returned to Francisco. *U.S. v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir. 1994). Based on this 9th Circuit ruling, a forfeiture of Francisco's truck would have violated Francisco's right against double jeopardy. *Id.* However, a recent U.S. Supreme Court decision which overturned *U.S. v. $405,089.23 U.S, Currency*, held that "civil forfeitures (and civil forfeitures generally) do not constitute 'punishment' for purposes of the Double Jeopardy Clause." *U.S. v. Ursery*, 518 U.S. 267, 135 L.Ed.2d 549, 557, 116 S.C. 2135 (1996). Under this ruling, the government is allowed to both forfeit Francisco's truck and sentence Francisco to a jail term in the underlying criminal case.

¶10 Francisco argues that *Ursery* is distinguishable because the U.S. forfeiture statute is strictly civil in nature, whereas, the CNMI forfeiture statute is in the criminal

code and is criminal in nature. We do not agree. Our forfeiture statute is civil in nature even though it is contained in our criminal code.

¶11 Since the forfeiture proceeding was dropped against Francisco and his truck was returned to him, there was no civil punishment. Even if there had been a forfeiture proceeding, and the government had successfully forfeited Francisco's truck, there would not have been double jeopardy under *Ursery*. *Id.*

For the reasons set forth above, we hereby **AFFIRM** the Superior Court order of dismissal.